**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard Fadahunsi OLAWALE, aka
Richard Williams Defendant—
Appellant.**

**No. 02–50502.**

**D.C. CR–01–00486–WDK–1.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2004.

Submission Vacated July 21, 2004.

Resubmitted July 7, 2005.

Decided July 13, 2005.

Mark Aveis, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Wayne R. Young, Santa Monica, CA, for Defendant–Appellant.

Before KOZINSKI and SILVERMAN, Circuit Judges, and WEINER, District Judge.[1]

**MEMORANDUM[2]**

In *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court struck down the federal sentencing guidelines to the extent that the Sentencing Reform Act of 1984 mandated the imposition of sentences predicated on facts not found by the jury or admitted by the defendant. Because Appellant actually preserved the sentencing error, and the district court handed down its sentence under the assumption that the guidelines were mandatory, we vacate the Appellant's sentence in order that the district court can resentence Olawale in light of *Booker* and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). We add only that there was no *Booker* error arising from the district court's original determination of Olawale's criminal history calculation, under U.S.S.G. § 4A1.1. The determination that a defendant has suffered a prior conviction need not be proven to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Olawale's two prior sentences were imposed in unrelated cases and were correctly counted separately by the district court, under U.S.S.G. § 4A1.2.

Accordingly, Olawale's sentence is VACATED and the case is REMANDED for resentencing.

1. The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.